286/20-2720.WG

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| CHARLOTTE SANDSTROM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | NO: 10 CV 7932 |
| | ) | |
| CITY OF MC HENRY, McHenry | ) | |
| Police Officers MICHAEL CRUZ, Star | ) | Judge Philip G. Reinhard |
| 1082, PAUL PRATHER, Star 1089 and | ) | Magistrate P. Michael Mahoney |
| Sergeant BRIAN McKEEN, | ) | |
| | ) | |
| Defendants. | ) | |

**AMENDED MEMORANDUM OF LAW IN SUPPORT OF RULE 56(b) MOTION
FOR SUMMARY JUDGMENT OF DEFENDANTS
CITY OF McHENRY, MICHAEL CRUZ, PAUL PRATHER AND BRIAN McKEEN**

Defendants CITY OF McHENRY, MICHAEL CRUZ, PAUL PRATHER and BRIAN McKEEN (collectively, "Defendants"), by and through one of their attorneys DEBORAH A. OSTVIG of JUDGE, JAMES & KUJAWA, LLC, have filed their Rule 56(b) Motion for Summary Judgment, with their Local Rule 56(1) Statement of Undisputed Facts, with references to the record. Defendants, hereby submit this Memorandum in support of their Motion for Summary Judgment, for the Court's consideration.

**PREFATORY STATEMENT**

*Allegations in Plaintiff's Second Amended Complaint*

Plaintiff in her Second Amended Complaint alleges the following acts which Defendants dispute:

Count I–42 U.S.C. §1983–Unreasonable Seizure (against Officer Cruz)

1

    Count II–42 U.S.C. §1983–False Arrest (against Officer Cruz)

    Count III–42 U.S.C. §1983–Excessive Force (against Officers Cruz and McKeen)

    Count IV–42 U.S.C. §1983–Failure to Intervene (against Officer Prather)

    Count V–State Claim for Malicious Prosecution (against Officer Cruz)

    Count VI–State Law *Respondeat Superior* Claim

    Count VII–Indemnification Claim pursuant to 745 ILCS 10/9-102

### *Summary Judgment*

Summary judgment is proper when the pleadings and evidence before the Court show that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a matter of law. Federal Rule of Civil Procedure 56(c); *Celotex Corp., vs. Catrett*, 477 U.S. 317, 106 S.Ct. 2548 (1986).

On a motion for summary judgment, it is incumbent upon the opponent to present some evidence to show that he has a case to take to the jury, and summary judgment will be entered against a party "who fails to make a showing sufficient to establish the existence of an element necessary to that party's case, and in which the party will bear the burden of proof at trial". *Celotex*, 477 U.S. at 322, 106 S.Ct. at 2552-53 (1986). The mere existence of a scintilla of evidence in support of the Plaintiff's position is not sufficient to successfully oppose summary judgment, and "there must be evidence on which the jury could reasonably find for the Plaintiff". *Valentine v. Joliet Township High School*, 803 F.2d 981, 986 (7th Cir. 1986).

Material facts are facts that "might effect the outcome of the suit" under the applicable substantive law. *Lawrence v. Kenosha County*, 391 F.3d 837, 841-42 (7th Cir. 2004). The plaintiff must do more than simply "show that there is some metaphysical doubt as to the material facts" and "where the record taken as a whole could not lead a rational trier of fact to find for the

2

non-moving party, there is no 'genuine issue for trial'". *Matsushita Electric Industrial Co. v. Zenith Radio*, 475 U.S. 574, 106 S.Ct. 1348, 1356 (1986). While the court should not ignore any genuine issues of fact, nor should it "strain to find material fact issues where there are none". *Secretary of Labor v. Lauritzen*, 835 F.2d 1529, 1534 (7th Cir. 1987).

## STATEMENT OF FACTS

On August 23, 2009, the McHenry Police Department received a 911 call from Plaintiff's residence, 5213 Cobblers Crossing, where a domestic dispute was reported. (Rule 56.1 Statement, paras. 1, 12 ). Plaintiff's fiancé made the call and claimed that Plaintiff and his son were beating him up. (Rule 56.1 Statement, paras. 1, 12). Officers Cruz, Prather, and Sergeant McKeen responded to the 911 call. (Rule 56.1 Statement, paras. 2, 20, 40, 50). As part of the investigation into the domestic dispute claim, the Defendant Officers entered Plaintiff's home to speak with Plaintiff. (Rule 56.1 Statement, paras. 3, 13, 24-25, 41-43, 51). Plaintiff was intoxicated. (Rule 56.1 Statement, paras. 3, 11, 29, 43, 52).

Through the course of the investigation inside the home, Plaintiff, in close proximity to the officers, repeatedly shouted angrily at the officers asking why they were in her house and ordering them out of her house, even though Plaintiff understood the Defendant Officers were there as a result of her fiancé's call reporting a domestic dispute. (Rule 56.1 Statement, paras. 4-5, 7, 14-16, 26-28, 30-32, 35, 45-46, 52-53). While shouting at the officers, Plaintiff raised her hands and arms in a threatening manner towards them. (Rule 56.1 Statement, paras. 4-5, 7, 14-16, 26-28, 30-32, 35, 45-46, 52-53).

Plaintiff's physical aggression towards Officer Cruz and her entry into Officer Cruz's reactionary gap, created a situation where Officer Cruz had to push Plaintiff so that she would back out of Officer Cruz's reactionary gap. (Rule 56.1 Statement, para. 27). Even after this initial

3

interaction between Plaintiff and Officer Cruz and, although warned several times by Officer Cruz to stop her aggressive behavior, Plaintiff did not comply with Officer Cruz's warnings and continued to shout at the officers and raised her hands and arms in a threatening manner. (Rule 56.1 Statement, paras. 4-5, 7, 14-16, 26-28, 30-32, 35, 45-46, 52-53). Based on Plaintiff's non-complaint and aggressive behavior and her intoxication level, Officer Cruz believed that Plaintiff would strike him. (Rule 56.1 Statement, para. 5).

During the course of Plaintiff's and Officer Cruz's interaction, Plaintiff's fiancé entered the residence to gather his belongings, as agreed, to facilitate a "cool down" period between the parties. (Rule 56.1 Statement, paras. 6, 33, 47, 54). To ensure the officers' safety, Officer Prather turned his back to Plaintiff and Officer Cruz to watch Plaintiff's fiancé collect his belongings. (Rule 56.1 Statement, paras. 34, 47, 54). At this point, Plaintiff's aggression turned from Officer Cruz towards Officer Prather. (Rule 56.1 Statement, paras. 35, 54).

Plaintiff changed focus of her aggression from Officer Cruz to Officer Prather, in concert with her close proximity to the officers and her repeated disregard and unwillingness to heed Officer Cruz's warnings, led Officer Cruz to believe that she was going to batter Officer Prather. (Rule 56.1 Statement, paras. 7-8, 17, 35-36, 48, 54, 55). Additionally, Officer Cruz believed that Officer Prather believed Plaintiff was going to batter him. (Rule 56.1 Statement, para. 8). Officer Cruz, based on his belief that Plaintiff was going to batter Officer Prather and his belief that Officer Prather believed Plaintiff was going to batter him (Officer Prather), placed Plaintiff under arrest. (Rule 56.1 Statement, paras. 8, 17, 36-38, 48-49, 55).

## ARGUMENT

I. **DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT IN THEIR FAVOR AS TO COUNT I– UNREASONABLE SEIZURE, COUNT II–FALSE ARREST, AND COUNT V–MALICIOUS PROSECUTION INASMUCH AS THE UNCONTESTED MATERIAL FACTS CLEARLY SHOW THAT THE OFFICERS HAD PROBABLE CAUSE TO ARREST PLAINTIFF.**

To prove unreasonable seizure and false arrest under §1983, Plaintiff must establish that she (1) held a constitutionally protected right; (2) [she was] deprived of this right in violation of the Constitution; (3) the defendants intentionally caused this deprivation; and (4) the defendants acted under the color of the state law. *Jacobson v. Nat'l RR Passenger Corp.*, 1999 WL 1101299, *5 (N.D. Ill. 1999) *citing, Patrick v. Jasper County*, 901 F.2d 561, 565 (7th Cir. 1990).

In Illinois, probable cause is an absolute defense to any §1983 claim against a police officer. *Mustafa v. City of Chicago*, 422 F.3d 544, 541 (7th Cir. 2006), *Aleman v. Hanover*, 662 F.3d 897, 904 (7th Cir. 2011); *Stokes v. Bd. of Ed.* 599 F.3d 617, 622 ( 7th Cir. 2010); *McBride v. Grice*, 576 F.3d 703, 707 (7th Cir. 2009); *Juriss v. McGowan*, 957 F.2d 345, 349, FN 1 (7th Cir. 1992). The existence of probable cause is a question of law and only becomes a question of fact if the operative facts are in dispute. *Penn v. Harris*, 296 F. 3d 573, 576 (7th Cir. 2002); *Houston v. Gaud*, 2002 WL 31433674, *3 (N.D. Ill. 2002)(*not reported*) citing *Lappin v. Costello*, 232 Ill. App. 3d. 1033, 1041-42 (4th Dist. 1992). Whether probable cause exists at the time of an arrest depends on whether the facts and circumstances within the officer's knowledge are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense. *Brooks v. City of Aurora*, 653 F.3d 478, 484 (7th Cir. 2011); *McBride*, 576 F.3d at 707. In other words, the existence of probable cause depends upon the totality of the circumstances at the time of the arrest.

5

*People v. Wear*, 229 Ill. 2d 545, 563-64, 893 N.E.2d 631, 323 Ill. Dec. 359 (2008), citing *People v. Love*, 199 Ill. 2d 269, 279, 769 N.E.2d 10, 263 Ill. Dec. 808 (2002); *People v. Jackson*, 232 Ill. 2d 246, 274-75 (2009). The *Love* court explained:

> In dealing with probable cause, we deal with probabilities. These are not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act." *People v. Love*, 199 Ill. 2d 269, 279, 769 N.E.2d 10, 263 Ill. Dec. 808 (2002), quoting *Brinegar v. United States*, 338 U.S. 160, 175, 93 L. Ed. 1879, 1890, 69 S. Ct. 1302, 1310 (1949); accord *People v. Wright*, 111 Ill. 2d 128, 146, 490 N.E.2d 640, 95 Ill. Dec. 787 (1985) (probable cause is a practical concept).

Therefore, whether probable cause exists is governed by common sense considerations, and the calculation concerns the probability of criminal activity, rather than proof beyond a reasonable doubt. *People v. Montgomery*, 112 Ill. 2d 517, 525, 494 N.E.2d 475, 98 Ill. Dec. 353 (1986). "Indeed, probable cause does not even demand a showing that the belief that the suspect has committed a crime be more likely true than false." *Wear*, 229 Ill. 2d at 564, citing *People v. Jones*, 215 Ill. 2d 261, 277, 830 N.E.2d 541, 294 Ill. Dec. 129 (2005); *Jackson*, 232 Ill. 2d at 275; see also *People v. Sims*, 192 Ill. 2d 592, 614-15, 736 N.E.2d 1048, 249 Ill. Dec. 610 (2000) (because an arrest not only serves the function of producing persons for prosecution but also serves an investigative function, courts have not ruled that an arrest can occur only when the known facts indicate that it is more probable than not that the suspected individual has committed the crime).

Additionally, an arresting officer, to form a belief of probable cause, is not required to act as a judge or jury to determine whether the person's conduct satisfies all the essential elements of a particular statute. *Sroga v. Weilgen, et al.*, 649 F.3d 604, 609 (7th Cir. 2011).

Here, Plaintiff was arrested for aggravated assault. In Illinois, a person commits an aggravated assault, when, in committing an assault, she knows the individual assaulted to be a

6

peace officer, or a person summoned and directed by her or a correctional officer, while such officer is engaged in the execution of any of his official duties. 720 ILCS 5/12-2(a)(6). Plaintiff alleges the officers did not have an "arrest warrant, probable cause or any other legal justification" to arrest her for aggravated assault. Despite Plaintiff's claims, however, the undisputed facts demonstrate that the Defendant Police Officers had probable cause to arrest Plaintiff.

The Defendant Officers were present at Plaintiff's home to investigate a 911 call her fiancé made, alleging that Plaintiff and his son were beating him up. Plaintiff knew the Defendant Officers were in her house to investigate her fiancé's claims. Yet, despite this knowledge, Plaintiff repeated angry orders for the officers to "get out" of her house and made angry gestures towards the Defendant Officers while in close proximity to them. Officer Cruz repeatedly warned Plaintiff to cease this behavior. However, although Plaintiff understood the consequences of her non-compliance with Officer Cruz's warnings, *e.g.*, she would be arrested, she continued to angrily yell at the Defendant Officers and make angry gestures towards them. Plaintiff's continued aggressive behavior caused Officer Cruz to believe that Plaintiff would strike him.

Additionally, when Plaintiff's fiancé came into the residence to gather his belongings, Plaintiff changed her focus from Officer Cruz to Officer Prather. Because of Plaintiff's intoxication level, her defiant behavior, her change of focus to Officer Prather and her encroachment of Officer Prather's reactionary gap, Officer Cruz believed that Plaintiff would strike Officer Prather. These facts taken in concert with Officer Cruz's belief that Officer Prather believed Plaintiff was going to strike him, establish that Officer Cruz had probable cause to arrest Plaintiff for aggravated assault. *See Devonpeck v. Alford* 543 U.S. 146 (2004); *Ochana v. Flores*, 199 F.Supp.2d 817 (N.D.Ill., 2002).

Moreover, Officer Cruz did not maliciously prosecute Plaintiff when he charged her with

aggravated assault, but had probable cause to charge Plaintiff. The Restatement of Torts is helpful when determining guilt in a malicious prosecution action:

> [In order to be guilty of malicious prosecution] the defendant must take an active part in their prosecution after learning that there is no probable cause for believing the accused guilty. It is not enough that he appears as a witness and thereby aids in the prosecution of the charges which he knows to be groundless. His share in continuing the prosecution must be active, as by insisting upon or urging further prosecution. ***The fact that he initiated the proceedings does not make him liable*** merely because he intentionally refrains from informing a public prosecutor, into whose control the prosecution has passed, of subsequently discovered facts that clearly indicate the innocence of the accused." Restatement (Second) of Torts § 655, comment c, at 414 (1977). (Emphasis added).

See *Denton v. Allstate Insurance Co.*, 152 Ill. App. 3d 578, 504 N.E.2d 756, 105 Ill. Dec. 471 (1986) (citing Restatement (Second) of Torts § 655 (1977) and stating that defendant's delay in reporting to police its settlement of plaintiff's insurance claim for theft of his automobile did not constitute active encouragement or participation in criminal proceedings for attempted theft instituted by police officer).

Here, Officer Cruz held the belief that Officer Prather was in apprehension of being battered by Plaintiff up and until the day of Plaintiff's criminal trial. (See Ex. C, pp. 82-83). Moreover, the record is absent of any facts that demonstrate Officer Cruz's "share" in the prosecution of Plaintiff was "active" or that he "insist[ed] upon or urg[ed] further prosecution."

As such, based on the above, Defendants ask that this Court grant their Motion for Summary Judgment on Counts I–Unreasonable Seizure, Count II–False Arrest and Count V–Malicious Prosecution of Plaintiff's Second Amended Complaint.

WHEREFORE, CITY OF MC HENRY, MICHAEL CRUZ, PAUL PRATHER and BRIAN McKEEN, respectfully pray that this Honorable Court enter summary judgment in their

favor as to Counts I, II and V of Plaintiff's Second Amended Complaint and against Plaintiff, Charlotte Sandstrom, inasmuch as there exists no material issues of fact to be determined herein.

Respectfully Submitted,

s/ *Deborah A. Ostvig*
DEBORAH A. OSTVIG, Atty No. 628 7031
JUDGE, JAMES & KUJAWA, LLC
One of the Attorneys for Defendants,
CITY OF McHENRY, OFFICER MICHAEL CRUZ, OFFICER PAUL PRATHER and SERGEANT BRIAN McKEEN

JUDGE, JAMES & KUJAWA, LLC
422 N. Northwest Highway, Suite 200
Park Ridge, Illinois 60068
847/292-1200
847/292-1208 (fax)

## CERTIFICATE OF SERVICE OF DOCUMENTS BY ELECTRONIC MEANS

The undersigned, an attorney, hereby certifies she caused a copy of the foregoing **Amended Memorandum of Law in Support of Rule 56(b) Motion for Summary Judgment of Defendants City of McHenry, Michael Cruz, Paul Prather and Brian Mckeen** to be served via electronic filing upon:

      Louis J. Meyer
      Meyer & Kiss, LLC
      53 W. Jackson Blvd., Suite 856
      Chicago, Illinois 60604
      (312) 765-0100
      (312) 218-0963 (cell)
      louismeyer@meyerkiss.com

      Adele D. Nicholas
      Law Office of Adele D. Nicholas
      4510 N. Paulina Street, 3E
      Chicago, IL 60640

on August 22, 2012.

s/ *Deborah A. Ostvig*
DEBORAH A. OSTVIG, Atty. No. 628 7031
JUDGE, JAMES & KUJAWA, LLC
One of the Attorneys for Defendants,
CITY OF McHENRY, OFFICER MICHAEL CRUZ, OFFICER PAUL PRATHER and SERGEANT BRIAN McKEEN

**JUDGE, JAMES & KUJAWA, LLC**
**422 NORTH NORTHWEST HIGHWAY**
**SUITE 200**
**PARK RIDGE, ILLINOIS 60068**
**(847) 292-1200**
**(847) 292-1208 (fax)**

L:\Main27\2720\Motions\Amd.MSJ Memo.docx