# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 07932 | **DATE** | 10/3/2012 |
| **CASE TITLE** | Charlotte Sandstrom vs. City of McHenry, et al. | | |

**DOCKET ENTRY TEXT:**

For the reasons stated below, the court denies the motion for summary judgment in its entirety. The parties are to schedule a settlement conference with Magistrate Judge Mahoney within 30 days of the date of this order.

*Philip G. Reinhard*

■[ For further details see text below.]

Electronic Notices.
Copy to Magistrate Judge Mahoney.

---

## STATEMENT - OPINION

Plaintiff, Charlotte Sandstrom, filed a seven-count, second-amended complaint against defendants, the City of McHenry, Illinois, McHenry police officers, Michael Cruz and Paul Prather, and McHenry police sergeant, Brian McKeen. Count I, based on 42 U.S.C. § 1983, alleges an unreasonable seizure in violation of the Fourth Amendment against Cruz. Count II alleges a false arrest in violation of the Fourth Amendment against Cruz. Count III alleges excessive force in violation of the Fourth Amendment against Cruz and McKeen. Count IV is a failure-to-intervene claim under § 1983 against Prather. Count V is a malicious prosecution claim under Illinois law against Cruz. Count VI is a state-law claim against McHenry based on respondeat superior. Count VII is a claim for indemnification under Illinois law against McHenry. All defendants have moved for summary judgment as to Counts I, II, and V.[1] Plaintiff has responded, and Cruz has filed a reply.

In reviewing a motion for summary judgment, the court construes all facts and reasonable inferences in the light most favorable to the non-moving party. Thayer v. Chiczewski, Nos. 10-1974 & 10-2064, slip op. at 13 (7th Cir. Sept. 18, 2012). Summary judgment is appropriate only if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Thayer, slip op. at 13.

To prevail on a claim of false arrest, a plaintiff must show that there is no probable cause for her arrest. Thayer, slip op. at 13. Probable cause to arrest is an absolute defense to any claim under § 1983 against a police officer for wrongful arrest. Thayer, slip op. at 13.

Probable cause exists if at the time of the arrest the facts and circumstances within the officer's knowledge are sufficient to warrant a prudent person, or one of reasonable caution, that the arrestee has committed, is committing, or is about to commit an offense. Thayer, slip op. at 13-14. It requires only that a possibility or substantial chance of criminal activity exists. Thayer, slip op. at 14. It does not require the existence of criminal activity to be more likely true than not true. Thayer, slip op. at 14. Probable cause is a fluid concept that relies on the common sense judgment of the officer based on the totality of the circumstances. Thayer, slip op. at 14. It is an objective inquiry and has nothing to do with the officer's

## STATEMENT - OPINION

subjective motivation. Thayer, slip op. at 14.

A police officer's probable cause determination depends on the elements of the applicable criminal statute. Thayer, slip op. at 16. Here, the applicable Illinois offense, aggravated assault, contains the elements of assault plus one of the listed aggravating factors, in this case knowledge that the victim is a police officer. See People v. Rhoden, 299 Ill. App. 3d 951, 957, 702 N.E. 2d 209 (Ill. App. Ct. 1998); see also In re: Gino W., 354 Ill. App. 3d 775, 777, 822 N.E. 2d 592 (Ill. App. Ct. 2005). The elements of assault, in turn, are that the defendant, without lawful authority, engaged in conduct which places another person in reasonable apprehension of receiving a battery. Rhoden, 299 Ill. App. 3d at 957-58. Awareness of the offender's conduct is a major element of assault. See, e.g., People v. James, 246 Ill. App. 3d 939, 945, 617 N.E. 2d 115 (Ill. App. Ct. 1993); People v. Tiller, 61 Ill. App. 3d 785, 795, 378 N.E. 2d 282 (Ill. App. Ct. 1978); see also Darby v. City of Dixon, 2003 WL 221595474, *1 (N.D. Ill. Sept. 18, 2003) (citing Illinois assault statute); Ntron Int'l Sales Co., Inc. v. Carroll, 714 F. Supp 335, 338 (N.D. Ill. 1989) (attempt to assault does not make actor liable if victim does not become aware of the attempt before it is terminated because one who is unaware of attempt is not in necessary apprehension of imminent contact). Further, in the context of a tort action, it is not an actionable assault to make another fear that the actor will intentionally inflict a harmful or offensive bodily contact upon a third person. Carroll, 714 F. Supp. at 339 (citing Restatement (Second) of Torts, § 26, comment a (1965)). This is so because the gist of the liability is the actual victim's knowledge that the actor is attempting to commit a battery upon him. Carroll, 714 F. Supp. at 339; see also The Four Faces of Tort Law: Liability for Emotional Harm, 90 Marq. L. Rev. 789, 792 (Summer 2007) (Prince Charming may have committed a battery on Sleeping Beauty but not an assault as she was asleep and therefore unaware of his attempt to kiss her).[2]

In this case, Cruz based his arrest of plaintiff for aggravated assault on his surmise that plaintiff was engaged in conduct that would have placed Prather, a third party, in reasonable apprehension of a battery. In fact, he signed the complaint stating the assault was against Prather. However, the undisputed evidence shows that Prather was never in reasonable apprehension of being battered because he had his back to plaintiff and was unaware of her actions immediately prior to the time that Cruz physically restrained her.

While it is arguably possible that Cruz could have had probable cause to believe that Prather in fact was aware of plaintiff's actions and therefore had probable cause to arrest her for aggravated assault, the undisputed evidence here does not establish that essential fact. According to Cruz in his deposition, he observed plaintiff "walking toward [Prather] and... telling him to get out of her house," and that she had the "opportunity - - the intent to strike Officer Prather." Assuming this evidence to be undisputed for purposes of this analysis, that alone was insufficient to establish probable cause absent some evidence that would indicate to Cruz that Prather himself was aware of plaintiff's actions. To that end, Cruz testified that he did not know if Prather was looking. Nor did Cruz "yell out and warn him" about plaintiff. This evidence fails to give rise to any reasonable inference that Cruz had a basis for concluding that Prather was aware and therefore in reasonable apprehension of receiving a battery. Absent probable cause for that essential element of the offense, it cannot be said as a matter of law that Cruz had probable cause to arrest plaintiff for that particular crime.[3] Accordingly, the motion for summary judgment is denied as to the false arrest claim in Count II.

Even if the court were to conclude that Cruz had probable cause to believe that Prather was aware of plaintiff's actions immediately prior to her being restrained, summary judgment would still be improper as there are questions of material fact as to what actions plaintiff engaged in at that point in time. While Cruz says plaintiff approached Prather in a physically threatening manner, plaintiff denies she did so. For purposes of the present motion, the court must accept the truth of plaintiff's testimony in this regard. Such evidence, if true, creates an issue of fact material to the question of whether Cruz had probable cause to arrest plaintiff for aggravated assault. Thus, the motion for summary judgment as to the false arrest claim in Count II fails on this basis as well.[4]

That leaves the state claim for malicious prosecution in Count V. Under Illinois law, a plaintiff must

## STATEMENT - OPINION

establish: (1) the commencement or continuance of an original criminal or civil proceeding by the defendant; (2) the termination of the proceeding in favor of the plaintiff; (3) the absence of probable cause for such a proceeding; (4) the presence of malice; and (5) resulting damages.  Holland v. City of Chicago, 643 F. 3d 248, 254 (7th Cir. 2011).

Here, defendant's primary argument is directed at the element of probable cause, contending as he did as to the false arrest claim that Cruz in fact had probable cause as a matter of law.  This contention fails because it cannot be said that Cruz had probable cause as a matter of law for the reasons set forth above. While for purposes of malicious prosecution the pertinent time for making the probable cause determination is the time when the charging document was filed rather than the time of arrest, Holland, 634 F. 3d at 254, there is no evidence here that Cruz developed any further information relevant to probable cause between the time of the arrest and his signing the complaint.

Cruz also makes a less-developed argument that summary judgment is proper because Cruz did not "insist" upon or "urge" the continued prosecution of plaintiff.  However, the tort merely requires commencement of a criminal proceeding as an option.  The undisputed evidence shows that Cruz commenced the proceeding by signing a criminal complaint against plaintiff.  Accordingly, Cruz is not entitled to summary judgment on the malicious prosecution claim in Count V.

For the foregoing reasons, the court denies the motion for summary judgment in its entirety.  The parties are to schedule within 30 days a settlement conference with Magistrate Judge Mahoney.

1. While all defendants have moved for summary judgment, these three counts are directed at Cruz only.  Thus, the court will consider the motion as being brought by Cruz alone.

2. The same would be true even if one of the seven dwarves was observing the Prince's advances.

3. It has not been argued that any other Illinois criminal offense justified the arrest.

4. While the parties do not mention it, there is a different theory of liability in Count I as opposed to Count II.  Unlike Count II that is based on false arrest and the absence of probable cause, Count I alleges an illegal seizure short of an arrest and is based on a lack of reasonable suspicion. Cruz's motion for summary judgment is confined to arguing that probable cause existed and does not speak to the issue of whether Cruz had reasonable suspicion to seize plaintiff.  This may be because were the court to find that probable cause existed as a matter of law then that effectively would have eliminated the claim in Count I based on the lesser standard of suspicion.  However, because the court does not find probable cause as a matter of law, the Claim in Count I necessarily survives Cruz's motion as he offers no other basis for entering summary judgment on this claim.  That does not mean that the claim in Count I cannot be attacked at some later point.